Mr. Justice Humphreys
delivered the opinion of the court:
In September, 1867, Henry Kaiser, husband of Caroline, executed a deed to the lots in question to Frederick Johnson, who immediately conveyed the same, by deed, to the wife, Caroline, absolutely. This was a good conveyance, as no creditors of tbe husband contest. It is not pretended that he was indebted at the time. This conveyance was good, independent of the statute in force, in this District in relation to the sole estate of married women. Nor is this conveyance regulated by the provision that the title of the wife is as absolute as though she were a feme-sole. In regard to this conveyance, she is not to be regarded as a, feme-sole. Other rules regulate her powers and liabilities over this property.
. Having an estate in the property, without the intervention of a trustee, with limitations in the terms of settlement, she is to be governed in her disposition thereof by the rules of equity. Being the owner of this property, she borrowed, in 1871, of the Freedman’s Savings and Trust Company, the amount in controversy, and executed a deed of trust to secure the amount upon said lots. In this deed her husband joined. The matter may have terminated disastrously to the wife, but she got the money; and it is stated by the record furnished by her counsel — and such is the fact — that the husband was induced to convey the property to the wife.
She took charge of it, and now she complains that, as she was a married woman, she could not bind her estate. An unmarried woman of the proper age may make such disposition of herself and property, in the absence of fraud and im *121 position, as she pleases. A married woman may contract in regard to her separate or absolute property in an equitable mode or manner. In a case of imposition or circumvention or fraud the courts would be very jealous in guarding a married woman, particularly against the intrigues of a husband, trustee, or other person holding a fiduciary relation. But when she assumes to go out on the broad field of trade and speculation, she must abide by her contracts. In this case the record shows us that she induced the husband to surrender his property to her management and control, and that she borrowed, on the credit and faith of her sole management of said property, a large amount of money. The law is too long and well settled, that any person coming into equity must do equity, for us to undertake to shake or unsettle that rule. Better let the old rule of the restrictions and liabilities of trustees to their wards and cestuis que trust remain as it is. But this case is not one, under the statute, of the exercise of power by a married woman as though she were a feme-sole, nor of the power of a married woman under a settlement, ante-nuptial or post-nuptial; but it is a question of a person, with .power to make contracts, asking a court of equity to relieve from the obligations of a prima-facie legal obligation, without even offering to perform any equitable action. The money has been obtained from the savings aud trust company; it has gone to build up the estate of complainant. Even the husband joined in the conveyance by deed of trust, and there is no offer to pay back what has been borrowed. It is sought to declare the whole matter of the obligation to pay back the money, or to hold the security therefor, void and of no effect. We cannot see the case in that light, and before this can be done the parties interested must procure the mandate of a court whose power we are bound to respect. The decree is affirmed.